IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Ricky Cravens,**

      **Plaintiff,**

**v.**                                                     **Case No. 06-2324-JWL**

**Red Bull North America Inc.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this employment discrimination suit against defendants asserting claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981. This matter is presently before the court on defendant's motion to stay the proceedings and compel arbitration (doc. 3) and defendant's motion to stay all proceedings pending a determination of its motion to compel arbitration (doc. 5). As explained below, the motion to compel arbitration is retained under advisement pending the provision of certain documents to plaintiff and subsequent supplemental briefing by the parties. The motion to stay all proceedings pending a determination of the motion to compel is granted as unopposed.

*Applicable Standard*

The Courts of Appeals have uniformly applied in the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), a standard similar to that applicable to motions for summary judgment. *See, e.g., Bensadoun v. Jobe-Riat*,

316 F.3d 171, 175 (2d Cir. 2003) (applying a summary-judgment-like standard in ruling on a motion to compel arbitration); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (same); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980) (same). Although the Tenth Circuit has not precisely addressed this issue, there is no reason to believe that it would apply a different legal standard. *See, e.g.*, *Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1166 (10th Cir. 1999) (reviewing the district court's grant of a motion to compel arbitration under the summary judgment standard where the parties agreed that standard applied); *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997) (holding the district court must hold a jury trial on the existence of the agreement to arbitrate where the parties raise genuine issues of material fact regarding the making of the agreement to arbitrate) (citing *Par-Knit Mills*, 636 F.2d at 54 & n.9).

Under this well-settled standard, summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The movant need not negate the other party's claim, but rather must simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2002) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). In the context of a motion to compel arbitration, this requires the defendant to present

2

evidence sufficient to demonstrate an enforceable agreement to arbitrate. *See Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995).

*Discussion*

In its motion, defendant asserts that the court must stay the proceedings and compel arbitration because plaintiff's complaint was filed in contravention of the terms of a valid and enforceable mutual agreement to arbitrate claims. In support of its motion, defendant has submitted three documents: a copy of a document entitled "Mutual Agreement to Arbitrate Claims" (a document that is not signed by plaintiff); a copy of a Receipt and Acknowledgment Form signed by plaintiff and indicating that he received and agreed to abide by defendant's employee handbook and company policies, including defendant's "Binding Arbitration and Dispute Resolution Policy"; and a copy of a Receipt and Acknowledgment Form signed by plaintiff and indicating that he received and agreed to "review" certain "policies" with which defendant "expected" him to comply, including the Mutual Agreement to Arbitrate Claims. According to defendant, plaintiff agreed to arbitrate the claims included in his complaint by acknowledging receipt of the Mutual Agreement to Arbitrate Claims and agreeing to abide by the Binding Arbitration and Dispute Resolution Policy (a policy which appears to be distinct from the Mutual Agreement to Arbitrate Claims).

In response to defendant's motion, plaintiff asserts that the motion should be denied or the court should retain the motion under advisement pending an opportunity for plaintiff to review certain documents in defendant's possession and pertinent to the resolution of the motion.

3

Specifically, plaintiff contends that neither he nor the court has the benefit of certain documents that might bear on the resolution of the motion–namely, the employee handbook and the "Binding Arbitration and Dispute Resolution Policy" referenced in the Acknowledgment Forms submitted by defendant. Plaintiff represents to the court that his counsel has informally requested these limited materials from defendant and counsel for defendant has not responded to the request. Defendant's reply, however, clearly indicates that defendant does not intend to provide the documents to plaintiff.

The court agrees with plaintiff that the specific documents referenced in the Acknowledgment Forms signed by plaintiff will more fully inform the court regarding the merits of defendant's motion to compel. In the absence of two of the very documents upon which defendant asserts the agreement to arbitrate hinges (namely, the employee handbook and the "Binding Arbitration and Dispute Resolution Policy"), the defendant has not yet presented evidence sufficient for the court to determine that there is an absence of an issue of material fact and that, as a matter of law, it has demonstrated an enforceable agreement to arbitrate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to stay the proceedings and compel arbitration (doc. 3) is **retained under advisement** and defendant's motion to stay all proceedings pending a determination of its motion to compel arbitration (doc. 5) is **granted as unopposed**. Defendant shall provide to plaintiff no later than **Wednesday, November 22, 2006** a copy of all documents referenced in the Receipt and Acknowledgment Forms attached to defendant's motion. Plaintiff shall file a supplemental response to defendant's

motion to compel arbitration no later than **Monday, December 4, 2006**; defendant shall file a supplemental reply to that response no later than **Friday, December 15, 2006**.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

5